MICAELA RAMÍREZ, demandante y apelada, v. ANTONIO ROSA SUÁREZ, demandado y apelante.

No. 3959.—*Visto:* Diciembre 7, 1926. *Resuelto:* Julio 22, 1927.

1. MARIDO Y MUJER—BIENES (DE LA SOCIEDAD LEGAL DE) GANANCIALES—DISOLU-CIÓN DE (LA SOCIEDAD LEGAL DE) GANANCIALES—ACCIÓN SOBRE LIQUIDACIÓN DE LOS BIENES—EN GENERAL.—En acción sobre liquidación de gananciales en que está envuelto el carácter privativo o ganancial de unos bienes, cuando la teoría de la demanda es que éstos se adquirieron durante el matrimonio y la prueba incontrovertida demuestra lo contrario—no obstante haberse otorgado las escrituras durante el matrimonio—la solicitud de enmienda de la demanda para fundarla sobre una teoría distinta, abandona cualquiera tentativa de demostrar que aquéllos se adquirieron durante el matrimonio.

2. MARIDO Y MUJER—BIENES (DE LA SOCIEDAD LEGAL DE) GANANCIALES—DISOLU-CIÓN DE (LA SOCIEDAD LEGAL DE) GANANCIALES—ACCIÓN SOBRE LIQUIDACIÓN DE LOS BIENES—EVIDENCIA—CARÁCTER PRIVATIVO DE LOS MISMOS.—Solicitada la liquidación de unos bienes que se alega son gananciales, y demostrando la prueba que aquéllos se adquirieron fuera del matrimonio y por el ex-marido demandado mientras las partes litigantes vivían en concubinato antes de casarse, el carácter privativo de dichos bienes queda así establecido sin que sea suficiente a destruirlo el hecho de que se adquirieran dentro del concubinato cuando no hay nada que demuestre que existiera una sociedad civil entre ellos, o que dichos bienes los adquirieron entonces solidariamente o de común acuerdo.

SENTENCIA de *Tomás Bryan,* J. (Aguadilla), declarando con lugar la demanda, con costas. *Modificada,* y así modificada confirmada.

*Rafael Padró Parés,* abogado del apelante; *Buenaventura Esteves,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

[1] Micaela Ramírez obtuvo sentencia de divorcio contra su esposo, Antonio Rosa Suárez, con fecha 30 de junio de 1921. El matrimonio se efectuó el 22 de junio de 1914. Con anterioridad a dicha fecha y durante unos diez y ocho años ellos habían vivido en concubinato. El 20 de febrero de 1924 se presentó este pleito sobre liquidación de gananciales. La controversia ante esta corte es si ciertos inmuebles pertenecían privativamente al esposo divorciado. La demandante ha alegado en distintos momentos que la propiedad pertenecía en común a ambos cónyuges, (1) porque fué adquirida durante el matrimonio, o (2) porque fué ad-

quirida cuando, en efecto, existía una sociedad civil entre las partes en el presente pleito.

La teoría de la demanda era que la propiedad fué adquirida durante el matrimonio. La prueba incontrovertida demostró que si bien las escrituras de la propiedad fueron otorgadas durante el matrimonio, las fincas fueron compradas, pagadas y poseídas por el esposo demandado antes del matrimonio. La corte así lo resolvió y al tiempo en que se trató de enmendar la demanda se abandonó cualquiera tentativa de demostrar que las fincas fueron realmente adquiridas mientras eran casados.

[2] La corte resolvió que la demandante y el demandado habían vivido en concubinato durante dieciocho años y que las fincas fueron adquiridas con dinero adquirido mediante el trabajo común de estas dos personas durante dichos dieciocho años. La corte dijo que las fincas pasaron a la sociedad conyugal, en vista de que no se habían otorgado capitulaciones matrimoniales. Finalmente la corte dijo que la prueba era confusa y que por lo tanto debía prevalecer la presunción de que las fincas pertenecían a la sociedad conyugal. Se dictó sentencia a favor de la demandante.

Según hemos indicado, la prueba tendió a demostrar que las fincas en cuestión fueron adquiridas antes de efectuarse el matrimonio. Fueron identificadas completamente, y si en realidad fueron adquiridas por el esposo antes del matrimonio, dichas fincas podían segregarse enteramente de la demás propiedad perteneciente a la sociedad de gananciales. Si la esposa tenía bienes privativos adquiridos independientemente antes de efectuarse el matrimonio que ella quería proteger en caso de que el vínculo matrimonial fuese disuelto por muerte de uno de los cónyuges o por divorcio, a ella incumbía dar los pasos necesarios para proteger sus intereses. No hacemos hincapié sobre este punto, ya que el verdadero *ratio decidendi* fué que los bienes pertenecían a los cónyuges en común por haber sido adquiridos mientras

vivían en concubinato mediante el trabajo común y esfuerzos de ambas partes.

A este respecto debe prevalecer la decisión de esta corte en el caso de *Morales* v. *Cruz Vélez,* 34 D.P.R. 834, que recientemente ha sido confirmada por la Corte de Circuito de Apelaciones. En el presente, al igual que en dicho caso, se demostró que ambas personas vivían juntas y no hubo prueba de que se constituyera una sociedad civil. La prueba a lo sumo tendió a demostrar que Micaela Ramírez ayudaba al demandado en su trabajo y en todo lo que éste hacía. No hubo prueba de que ellos adquirieran esta propiedad solidariamente o de común acuerdo. Además, los bienes inmuebles fueron adquiridos por el demandado y la presunción de que le pertenecían privativamente no fué destruída por la prueba. Esta no demostró que las fincas en cuestión fueron habidas por el demandado con dinero de su propio peculio.

*Debe modificarse la sentencia apelada en el sentido de declarar que las dos fincas que alega la demandante son gananciales tienen el carácter de bienes propios del demandado y así modificada, sin costas, se confirma la sentencia apelada.*